**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

Dated: August 6 2014

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-30343 |
| | ) | |
| Douglas W. Greenwood, | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO MODIFY PLAN

The court held a hearing on Debtor's motion to modify his confirmed Chapter 13 Plan. [Doc. # 102]. An unsecured creditor of the Debtor's, Rialto Properties, LLC ("Rialto Properties"), objects to the motion. [Doc. # 110].

Debtor commenced this case on February 4, 2013. His plan was confirmed on October 31, 2013. [Doc. # 71]. Under his plan as confirmed, Debtor must make monthly payments that escalate over the life of the plan. They started out at $460.00 per month, increase to $600.00 per month in September 2014, and increase to $861.00 in September 2015. [*Id.*]. These payments would pay general unsecured creditors a 100% dividend on their claims. [Doc. # 8, ¶ 8, p. 3/4]. The proposed plan as originally filed and as confirmed stated that Debtor did not have any Domestic Support Obligations, as defined by 11 U.S.C. § 101(14A), and therefore did not propose to pay any Domestic Support Obligations. [Doc. # 8, ¶ 6, pp. 2-3/4]. Nor did Debtor identify in his plan any creditor(s) holding arrearage claims for Domestic Support

Obligations. [*Id.*]. But the plan also includes language specifying that if Debtor did have any pre-petition Domestic Support Obligations, Debtor would pay them directly. [*Id.*].[1] Lastly, the plan provides that "Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due." [*Id.*]. S*ee* 11 U.S.C. § 1325(a)(6).

Rialto Properties is Debtor's primary general unsecured creditor. Its claim arises in part out of a state court judgment. As originally filed, its claim was in the amount of $44,963.00. This amount imperiled the feasibility of Debtor's proposed plan to pay a 100% dividend to general unsecured creditors, as Debtor's plan estimated the total amount of creditors' general unsecured claims at $23,751.50. Debtor filed an objection to the Rialto Properties claim. The parties eventually resolved the claim dispute and other issues between them with an Agreed Order entered on August 27, 2013, that set the amount of the Rialto Properties general unsecured claim at $25,000.00. [Doc. # 60]. The resolution of this dispute, along with a stipulated order with the Trustee amending the proposed plan to provide for the step up in payments over the life of the plan, [Doc. # 69], made Debtor's proposed plan feasible as required for confirmation. 11 U.S.C. § 1322(a)(1).[2]

After confirmation, several events occurred relevant to Debtor's motion to modify his confirmed plan. Despite the statement in the plan that Debtor did not owe any Domestic Support Obligations and the schedules showing a claim for $1, Dawn Greenwood filed a claim naming the Lucas County Child Support Enforcement Agency as a priority creditor under 11 U.S.C. § 507(a)(1)(A) or (B) for unpaid Domestic Support Obligations in the amount of $34,197.00 for the benefit of Dawn Greenwood. Debtor objected to the claim as a late-filed pre-petition claim. The court sustained the objection, [Doc. # 87], which preserved the feasibility of Debtor's confirmed plan.

Upon the claim objection being sustained, however, Dawn Greenwood filed a motion to dismiss this case. [Doc. # 85]. The basis for her motion to dismiss is 11 U.S.C. § 1307(c)(11), which provides that "failure of the debtor to pay any domestic support obligation that first becomes payable *after* the date of

---

[1]Debtor's Schedule E identifies Dawn Greenwood as holding a claim for child and spousal support for a dollar and the Lucas County, Ohio Child Support Agency as an assignee for Dawn Greenwood. [Doc. # 6, p. 10/36]. The court understands that Debtor and Dawn Greenwood were involved in ongoing state court litigation over the obligation when this case was filed.

[2]After the plan was already confirmed, Rialto Properties filed a pro se objection to confirmation, [Doc. # 75], that was denied by the court on procedural grounds, [Doc. # 82].

filing of the petition" is cause for dismissal of a Chapter 13 case. (Emphasis added).[3] Despite the court having conducted a separate evidentiary hearing on the motion to dismiss, [*see* Doc. # 98], there is apparently now no dispute that Debtor owes Dawn Greenwood a substantial unpaid post-petition Domestic Support Obligation. Debtor's instant motion was instead filed to resolve Dawn Greenwood's motion to dismiss by modifying the confirmed plan with her support. Debtor's motion to modify "proposes to provide for the payment of post-petition domestic support arrearages of $36,583.80 to Dawn E. Greenwood inside the Plan" and that the dividend to unsecured creditors be reduced from 100% to 2% of their allowed claims to make that proposal feasible.[4] [Doc. # 102].

The court agrees with Rialto Properties' objection that grounds to modify Debtor's confirmed plan as proposed have not been shown for the reasons stated on the record at the hearing by the court and as amplified below.

First, a confirmed plan is res judicata on all issues that were raised or could have been raised in the confirmation process. 11 U.S.C. § 1327(a). Section 1327(a) provides that."[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Confirmation of a plan has been described as "'res judicata of all issues that could or should have been litigated at the confirmation hearing.'" *Ruskin v. DaimlerChrysler Servs. N. Amer., L.L.C. (In re Adkins)*, 425 F.3d, 296, 302 (6th Cir. 2005) (quoting *In re Cameron*, 274 B.R. 457, 460 (Bankr. N.D. Tex. 2002)). Although this provision typically is employed as a shield by a debtor to bar a creditor from taking action against the debtor in contravention of the terms of a confirmed plan, a debtor is equally bound by the confirmation order. *In re Morrow*, 397 B.R. 876, 879 (Bankr. N.D. Ohio 2008). Debtor's plan simply would not have otherwise been feasible if any Domestic Support Obligation owed on account of Dawn Greenwood had to be paid by the Trustee in full through the plan. *See* 11 U.S.C. §§ 507(a)(1) and 1322(a)(2). The treatment of any Domestic Support Obligation owed by Debtor, whether as a pre-petition or a post-petition obligation, as being paid directly by Debtor was dealt with in the plan as confirmed. Nor

---

[3]Certification of payment of most Domestic Support Obligations due through plan completion is also a condition of receiving a Chapter 13 discharge. 11 U.S.C. § 1328(a).

[4]The Trustee reported at the hearing that modifying the plan to pay the Domestic Support Obligation owed to Dawn Greenwood in full would pay a dividend to unsecured creditors, including Rialto Properties, closer to a 15 % dividend than to a 2% dividend.

3

is it appropriate in the view of the Sixth Circuit Court of Appeals to change the classification and treatment of a claim through modification of a confirmed plan where the change involves "the creation of a new obligation on the estate, least of all one that trumps other claims." *In re Parmenter*, 527 F.3d 606, 609 (6th Cir. 2008)(In denying creditor's motion for payment of an administrative expense, court observed that § 1329 does not allow reclassification of a claim to be paid outside the plan directly by the debtor to be paid inside the plan by the trustee). Debtor's effort to modify treatment of the Domestic Support Obligation owed to Dawn Greenwood from direct pay by him to payment by the Trustee through Debtor's payments into the plan mirrors other efforts to change treatment of claims in confirmed plans that the Sixth Circuit has generally deemed improper in *Parmenter*, *Adkins* and *In re Nolan*, 232 F.3d 528 (6th Cir. 2000).

Second, Debtor now seeks priority treatment of the Domestic Support Obligation owed to Dawn Greenwood as a post-petition obligation, a pre-petition claim having been denied. The court does not find statutory support for inclusion of this obligation for payment through the plan on a post-petition basis. It does not fit the standards for post-petition claims that are permitted to be included in confirmed plans set forth in 11 U.S.C. § 1305(a). Nor can it properly be classified as an administrative expense of the bankruptcy estate for priority payment under 11 U.S.C. §§ 503(b) and 507(a)(2). In order for a claim to be classified as an administrative expense, it must be of benefit to the bankruptcy estate as having arisen from a transaction with the estate and that substantially and directly benefitted the bankruptcy estate. *In re Sunarhauserman*, 126 F.3d 811, 816 (6th Cir. 1997). Debtor shows no connection with or benefit to the bankruptcy estate in his unpaid Domestic Support Obligation.

Third, post-confirmation plan modifications are governed by § 1329 of the Bankruptcy Code. 11 U.S.C. § 1329(a). Under § 1329(b)(1), the requirements of § 1325(a) apply to proposed modifications. Those requirements thus include a finding that the modification be proposed in good faith. 11 U.S.C. § 1325(a)(3). The court cannot find that this modification is proposed by Debtor in good faith. It amounts to a bait and switch upsetting the reasonable expectations of Rialto Properties in connection with plan confirmation. On the basis of a proposed 100% dividend to unsecured creditors, Rialto Properties agreed to a claim amount of $25,000 in this case, making the proposed plan feasible and thus confirmable in the process. Debtor essentially proposes through his plan modification to shift directly to his unsecured creditors in general and Rialto Properties in particular the payment of his unpaid post-petition Domestic Support Obligation, without which he is not entitled to a discharge in this case, *see* 11 U.S.C. § 1328(a)(1). Even

if the claim is properly classifiable (or re-classifiable) as a post-petition claim payable through the plan or as an administrative expense of the estate, the court cannot find that shifting payment of Debtor's unpaid Domestic Support Obligation to Rialto Properties and Debtor's other unsecured creditors is proposed in good faith. Among other problems, such a modification would discourage debtors from paying post-petition Domestic Support Obligations if they can just be shifted after confirmation to pre-petition unsecured creditors to pay. The proposed modification unfairly upsets the reasonable expectations of Rialto Properties, the Trustee and other unsecured creditors at the time of confirmation.

**IT IS THEREFORE ORDERED** that Debtor's Motion to Modify Confirmed Chapter 13 Plan After Confirmation [Doc. # 102] is **DENIED**.[5]

###

---

[5] A separate order granting Dawn Greenwood's motion to dismiss under § 1307(c)(11) will be entered by the court.